## PURDY vs. GREEN.

Where Defendant's default was entered, and Plaintiff gave notice of assessment of damages, and thereupon Defendant procured an order staying proceedings until the decision of a motion to set aside Plaintiff's declaration, which motion was denied with costs, and the Plaintiff immediately proceeded to assess his damages and enter up judgment. *Held*, that the Plaintiff was regular. It was not necessary that the Plaintiff should give a new notice of assessment. On the decision of the Defendant's motion, he was restored to the position he occupied at the time of the service of stay; the proceedings were stayed, not superseded.

*Putnam Special Term, October*, 27, 1847. Defendant's default in suit

on promissory note having been taken; Plaintiff's attorney gave notice of assessment of damages by the clerk of Westchester on the 25th August. On that day, and before assessment, Defendant's attorney served a stay of proceedings on Plaintiff's until a motion, of which notice was then given, should be made at the Special Term to be held in Westchester on the 7th Sept., to set aside Plaintiff's declaration, &c., which motion was heard, and on the 8th Sept., denied with costs. On the 9th Sept., Plaintiff proceeded to assess his damages, and enter up judgment.

Wm. Nelson, *Counsel for Defendant*, moved to set aside the assessment and subsequent proceedings for irregularity.

J. W. Tompkins, *Counsel for Plaintiff*.

Morse, Justice.—This motion is grounded on mere irregularity. The Plaintiff's proceedings were stayed, not superseded, until the motion was made, which being denied, the Plaintiff was restored to the position he occupied at the time of the stay served. The Defendant by the decision of his former motion is shown not to have been entitled to the stay he then procured, and was not entitled to be rewarded by the delay which a new notice would require. Denied with costs.